

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12 . 4 . 09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC   4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WILLIAMS,<br><br>             Petitioner,<br><br>      vs.<br><br>R.K. WONG,<br><br>             Respondent. | Case No. CV 09-8757-JVS (RNB)<br><br>ORDER TO SHOW CAUSE |

On November 20, 2009, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to be directed to a conviction sustained by petitioner in Los Angeles County Superior Court in 1997.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

1

1099 and 118 S. Ct. 1389 (1998).[1]  28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, it appears from the face of the Petition that petitioner's Petition for Review of the Court of Appeal decision on direct appeal was denied by the California Supreme Court on April 14, 1999. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such

---

[1]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1    review" was July 13, 1999, when the 90-day period for petitioner to petition the
2    United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188
3    F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Moreover, given
4    the nature of petitioner's claims herein, it does not appear to the Court that any of the
5    other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. See Hasan v. Galaza,
6    254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a
7    prisoner "knows (or through diligence could discover) the important facts, not when
8    the prisoner recognizes their legal significance"). Thus, unless a basis for tolling the
9    statute existed, petitioner's last day to file his federal habeas petition was July 13,
10   2000. See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d
11   at 1287-88.

12        28 U.S.C. § 2244(d)(2) provides:

13        "The time during which a properly filed application for State post-
14        conviction or other collateral review with respect to the pertinent
15        judgment or claim is pending shall not be counted toward any period of
16        limitation under this subsection."

18        In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104
19   (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
20   California's post-conviction procedures. The Ninth Circuit held that "the statute of
21   limitations is tolled from the time the first state habeas petition is filed until the
22   California Supreme Court rejects the petitioner's final collateral challenge." See id.
23   at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
24   2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
25   application for collateral review remains "pending" during the intervals between the
26   time a lower state court denies the application and the time the petitioner files a
27   further petition in a higher state court). However, the statute of limitations is not
28   tolled during the interval between the date on which the judgment of conviction

3

1    became final and the filing of the petitioner's first collateral challenge.  See Nino,
2    supra.

3         Here, it appears from the face of the Petition that petitioner's first collateral
4    challenge was a Los Angeles County Superior Court habeas petition that petitioner
5    filed on March 27, 2002. By then, petitioner's federal filing deadline of July 13, 2000
6    already had long lapsed and could not be reinitiated.  See, e.g., Ferguson v. Palmateer,
7    321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation
8    of the limitations period that has ended before the state petition was filed," even if the
9    state petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice,
10   276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th
11   Cir. 2001), cert. denied, 534 U.S. 1143 (2002).  The Court also notes that it appears
12   from the face of the Petition that the California Supreme Court denied petitioner's
13   final state collateral challenge on January 16, 2003, nearly seven years ago.

14        The Ninth Circuit has held that the district court has the authority to raise the
15   statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
16   Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule
17   4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
18   long as the Court "provides the petitioner with adequate notice and an opportunity to
19   respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
20   260 F.3d 1039, 1042-43 (9th Cir. 2001).

21        IT THEREFORE IS ORDERED that, on or before **January 15, 2010**,
22   petitioner show cause in writing, if any he has, why the Court should not recommend
23   that this action be dismissed with prejudice on the ground of untimeliness.  If
24   petitioner intends to rely on the equitable tolling doctrine, he will need to include
25   with his response to this Order to Show Cause a declaration under penalty of perjury
26   stating facts showing (1) that he has been pursuing his rights diligently; and (2) that
27   "some extraordinary circumstance stood in his way."  See Pace v. DiGuglielmo, 544
28   U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert,

4

1    465 F.3d 964, 969 (2006), cert. denied, 127 S. Ct. 1880 (2007); Rasberry v. Garcia,

2    448 F.3d 1150, 1153 (9th Cir. 2006); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

3    2003).

4

5    DATED:  _____12/3/09_____

6

7                                        _____

8                                        ROBERT N. BLOCK
                                         UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28